# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL A. BLACKMON,

        Plaintiff,

    -vs-                                   Case No. 13-CV-625

MICHAEL BAENEN,
EDWARD F. WALL,
and JANE DOE,

        Defendants.

## SCREENING ORDER

The plaintiff, a former Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

2

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at Green Bay Correctional Institution (GBCI) at all times relevant. According to the amended complaint (Docket 15), he sets forth three separate claims. The plaintiff brings his first claim against defendants GBCI Warden Michael Baenen, Wisconsin Department of Corrections (DOC) Secretary Edward Wall, and GBCI Business Office Clerk Jane Doe. He alleges that on March 5, 2013, defendant Jane

3

Doe denied his money disbursement request for postage to mail a document in another case. According to the plaintiff, GBCI policy requires inmates to use the Prisoner E-Filing Program and the denial of his request to mail his document violates his right to make timely filings pursuant to the "mailbox rule." He asserts that because his legal mail was not approved, the deadline "for producing documents had expired regarding one situation." (Compl. at 5.) The plaintiff claims that the defendants violated his right to equal protection when they required him to file documents pursuant to the Prisoner E-Filing Program. He seeks compensatory and punitive damages.

The plaintiff brings his second claim against GBCI Warden Michael Baenen, DOC Secretary Edward Wall, Supervisor Mark Kulieke, and Education Director Mike Schnieder. He alleges that on May 26, 2013, he submitted two documents to institution staff to be scanned and e-mailed to the Court pursuant to the Prisoner E-Filing Program. Staff e-mailed one document on May 29, 2013, and e-mailed the other document on May 30, 2013. When the plaintiff discovered that his documents were not e-mailed together, he sent an Interview Request to defendant Schneider complaining that his mail was withheld a day. Defendant Schneider informed the plaintiff that staff members have three days to e-mail inmates' submissions after receipt and that there was no violation. The plaintiff claims that this policy, in conjunction with the Prisoner E-Filing Program, violates his constitutional right to equal protection.

The defendants in the plaintiff's third claim are GBCI Warden Michael Baenen

4

and Segregation Captain John Doe. The plaintiff alleges that on July 17, 2013, he received three pieces of legal mail that were post-marked June 12, 2013. He claims that defendant John Doe withheld legal mail from him and that, as a result, he was unable to timely respond to the defendants in another case. The plaintiff claims that his Fourteenth Amendment right to equal protection was violated because his legal mail not delivered to him in a timely manner. He seeks monetary damages and injunctive relief.

With regard to the first two claims, the plaintiff's main complaint is that while incarcerated at GBCI he was required to submit his documents to the Court pursuant to the Prisoner E-Filing Program.[1] Under the Program, instead of mailing Eastern District of Wisconsin case filings to the Court and opposing party, an inmate submits his filings to institution staff, usually the librarian, who scans and e-mails the documents to the Court. Court staff then electronically file the documents, at which time the opposing party receives e-mail notification of the filing. Prison staff receive a return receipt via e-mail which is provided to the inmate as proof that his document was filed.

As an initial matter, the plaintiff's claim that the Prisoner E-Filing Program violates his right to equal protection is misplaced. The Program does not prevent inmates from filing documents with the Court. In fact, it facilitates the process, especially for indigent inmates, because inmates do not have to purchase postage and envelopes. In short, the plaintiff does not state a claim that the Prisoner E-Filing Program violates his right to

---

[1] The plaintiff notified the Court on August 18, 2013, that he has been released from prison and resides in Pleasant Prairie, Wisconsin.

5

equal protection.

The plaintiff's allegations in his first two claims may also be construed as access to the courts claims. However, to state a denial-of-access claim, the plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); accord *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires him to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). In this case the plaintiff merely alleges that, as to claim one, the deadline for producing documents expired and, as to claim two, one of his documents was withheld for one day resulting his two documents not being filed on the same day. The plaintiff has not identified any underlying claim that was lost and there is no indication that he was prevented from litigating a non-frivolous case.

Moreover, the plaintiff's contention that the Prisoner E-Filing Program prevents him from benefitting from the "mailbox rule" is also misplaced. Under the mailbox rule, papers filed by a prisoner are deemed filed on the date they are given to prison authorities for mailing. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). The plaintiff has not offered any reason why he could not include a sworn certification as to the date he submits a document to prison staff for e-mailing under the Prisoner E-Filing

6

Program.

Finally, with regard to his third claim, the plaintiff alleges that three pieces of legal mail, two from the district court and one from the court of appeals, post-marked June 12, 2013, were not delivered to him until July 17, 2013. Although the plaintiff asserts that the late delivery prevented him from responding to the defendants in a timely manner, he has not identified the case involved let alone alleged that it was a non-frivolous case that he lost as a result of the late mail delivery. Thus, he has not stated an access to the courts claim. *See Steidl*, 494 F.3d at 633; *see also Guajardo-Palma*, 622 F.3d at 805-06.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for joinder (Docket #6) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Docket # 8) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to waive initial partial filing fee (Docket # 12) be and hereby is **GRANTED**.

7

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct record (Docket #13) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Docket #15) be and hereby is **GRANTED**. The proposed amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $350.00 balance of the filing fee to the Clerk of Court.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2013.

       **SO ORDERED,**

       _____
       **HON. RUDOLPH T. RANDA**
       **U. S. District Judge**

9